### HENRY COOPER v. THE STATE.

No. 3238.   Decided November 15, 1905.

**1.—Burglary—Kidnapping—Evidence.**

Where the defendant was charged with breaking into a house for the purpose of kidnapping a female and to carry her out of the State into another State, testimony offered on the theory that a conspiracy existed between defendant and another to kidnap the female in question for the purpose alleged, and not to commit burglary, was inadmissible.

**2.—Same—Charge of Court—Limiting Evidence.**

On a trial for burglary, etc., where the evidence, if it showed any conspiracy, was with reference to kidnapping the girl, and burglary was not included within the scope of any possible conspiracy between defendant and another, the charge of the court should not only have limited the testimony generally, but expressly to a conspiracy to kidnap; and that unless the jury should find that the conspiracy did exist independent of the statement of the party named, then they should disregard the testimony entirely.

**3.—Same—Declaration of Third Party—Evidence.**

A conversation between third parties, to which appellant was not a party, in his absence, not heard by him, and but the expression of the opinion of a witness based upon what he had heard from another, was inadmissible.

**4.—Same—Impeachment.**

Where a witness denied an independent statement of a matter with which defendant was in no way connected or responsible, it was error to permit the State to attempt to impeach said statement by another witness.

**5.—Same—Burden of Proof—Charge of Court.**

See opinion for charge of the court which places the burden of proof upon the defendant and was error.

Appeal from the District Court of Sabine.   Tried below before Hon. W. B. Powell.

Appeal from a conviction of burglary, etc.; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Davis & Davis,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with burglary; that is a breaking for the purpose of kidnapping Nettie Broadnax, for the purpose of carrying her out of Texas and into the State of Louisiana. A conviction resulted upon the trial, the penalty assessed being five years in the penitentiary. The evidence shows that Miss Broadnax was at the residence of Melvin Rice; that on the evening of the alleged offense, about sundown, Kit Cooper (a nephew of the defendant and a nephew also of Mrs. Rice) went to the residence of Melvin Rice, where Miss Broadnax was living, and told his aunt and those at the house, that defendant had killed his (defendant's) brother, Will Cooper. Miss Broadnax and Will Cooper were to be married on December 15th,—four days subsequent to the matter above mentioned. Shortly after this, Kit Cooper left, and appellant arrived at the house of Melvin Rice, and his sister (Mrs. Rice) went out where he was, and Melvin Rice left the premises. Appellant went away but returned sometime after dark. Kit Cooper accompanied him. They were armed. The women present were frightened. Miss Broadnax went into a little side room and closed the door. Appellant remarked, if Miss Broadnax was not out of the country by daylight he was going to put her out. He then asked his sister (Mrs. Rice) to open the door into Miss Broadnax's room, and was informed that if he desired to go in there he would have to open the door. Appellant broke the door open, and went in where Miss Broadnax was, and informed her he was going to take her to Boyce. She expressed an unwillingness to go. Later on, however, he and Kit Cooper accompanied the girl in a wagon across into Louisiana, to Robline, where they took the train, and went to the home of the father of Miss Broadnax. This was with her consent.

Several bills of exception were reserved to the ruling of the court admitting testimony, upon each of which error is assigned. The first bill recites that while Mrs. Nettie Cooper was on the stand, testifying for the State, she was permitted to testify that on the evening of this transaction, near sundown, Kit Cooper came to the residence of Melvin Rice, and told those present that Henry Cooper (appellant) had killed Will Cooper. He then left. Appellant was not present. Melvin Rice testified that he left home that night, because Kit Cooper told him that appellant had killed Will Cooper; and he left because Henry Cooper came there. Another bill was reserved to the testimony of Melvin Rice to the effect that Kit Cooper had stated in substance and in effect that Henry Cooper (appellant) had killed Will Cooper, and that he had a gun and pistol, and that Arnold and his men were after them, and they had better look out for them. Various objections were urged. This evidence was all admitted upon the theory, evidently, that a conspiracy existed between Kit Cooper and appellant to kidnap Miss Broadnax, and carry her out of the State. It could have been admitted, as we understand this record, upon no other theory; and that the statements of Kit Cooper were admissible against Henry Cooper, though Henry was not present, on the theory that they were acting

together, and that those acts and declarations of Kit Cooper were in furtherance of the common design to kidnap. We do not think this testimony was admissible. But concede we were wrong in this position, then it could only be offered on the theory that the conspiracy existed between appellant and Cooper to kidnap Miss Broadnax for the purpose of carrying her out of Texas into Louisiana. There is nothing in the record to indicate a conspiracy to commit burglary. In other words, to break and enter the house. The evidence clearly excludes this matter, and is equally as clear on the proposition that the question in regard to breaking into the room to secure the possession of Miss Broadnax occurred at the house after appellant reached it. Exception was reserved to the court's charge in this connection, because of its failure to instruct the jury as to the legitimate effect and scope of this evidence. If admissible at all, it was upon the theory that the consipracy existed or may have existed between Kit Cooper and appellant to kidnap the girl. Burglary was not included with the scope of any possible conspiracy between them, so far as this record is concerned. Not only should the charge of the court have limited the testimony, but it should have limited it expressly to a conspiracy to kidnap the girl; and unless the jury should find that the conspiracy did exist independent of the statements of Kit Cooper, then they should disregard the testimony entirely.

Mrs. Melvin Rice, was permitted to testify for the State that she told Nettie Broadnax not to go out where appellant was, for she thought she saw somebody out there, and thought it was Henry trying to kill all of those present, from what Kit had told her that Henry was out there with his gun and had killed Will. This testimony was clearly inadmissible for any purpose. It was a conversation between third parties, to which appellant was not a party; it was in his absence, not heard by him, and a portion of this testimony was but the expression of the opinion of witness based upon facts that Kit Cooper had told her. Such testimony was not admissible against appellant.

While G. W. Cooper was testifying the district attorney, on cross-examination asked, if he did not tell Mrs. Rice that Henry (meaning appellant) was going to take Nettie Broadnax away, and that if she did not go he would paralyze her with the gun he had. This he denied. Objection was urged to the introduction of this testimony, because appellant was in no way a party to it. It was hearsay, and an independent statement of the matter with which defendant was in no way connected, and for which he was in no sense responsible. The State then placed Mrs. Rice on the stand and proved by her that G. W. Cooper had made the statement above mentioned in her presence. This was clearly inadmissible. It was impeachment upon a matter that was not admissible.

The court, among other things, instructed the jury that if the jury should believe that at the time defendant broke into, if he did break and enter the house of Melvin Rice, as charged in the indictment, he did not intend to kidnap Nettie Broadnax, who was then and there in

said house, and remove her from the State of Texas, into the State of Louisiana, he would not be guilty of burglary, and should be acquitted. Upon another trial this charge should not be given in the language used. This places the burden of proof upon the defendant. The State was required to prove beyond a reasonable doubt the guilt of the defendant, and if there was a reasonable doubt of his guilt, he was entitled to an acquittal. The court should have charged the jury, before they could convict appellant, they must find beyond a reasonable doubt that at the time he broke and entered the house, if he did so, it was for the purpose of kidnapping Nettie Broadnax, and carrying her beyond the limits of the State of Texas, etc. This would place the laboring oar upon the State to prove the case, which is the law in Texas. We call attention to this, so that it may not occur upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*